18474.  CAVIN *v.* McWHORTER.

Dismissal of certiorari proceedings which were in legal and proper form was not proper; but it appearing that the intention of the superior court was to overrule the certiorari, this court will decide the case on its merits.

Under the Civil Code (1910), §§ 3705, 3707, the title to the bale of cotton and the cottonseed levied on, of a crop raised by the claimant, a cropper, on land of his landlord, the defendant in execution, was in the landlord, and not in the cropper, the crop not having been divided between them and the cropper being indebted to the landlord for supplies.  The property levied on, therefore, was not subject to the execution, and the judge of the superior court erred in not sustaining the certiorari from the verdict in the justice's court which found the property subject.

DECIDED DECEMBER 13, 1927.

Certiorari; from Chattooga superior court—Judge Maddox. August 1, 1927.

*Wesley Shropshire,* for plaintiff in error.  *J. M. Bellah,* contra.

LUKE, J.  This case arises out of a judgment of the superior court "dismissing" a certiorari from a jury's verdict in a claim case in a justice's court, finding certain property subject to an execution.  Briefly stated the record presents the following case: Cavin, a resident of Chattooga county, Georgia, had a farm lying partly in that county and partly in Alabama.  Bowman, a half-cropper of Cavin's, lived on the Alabama part of the farm and produced thereon a bale of cotton and 618 pounds of cottonseed. The property was levied on under an attachment sued out by McWhorter against Bowman as a nonresident.  Cavin claimed the property and assumed the burden of proof.  The property was

Certiorari, 11 C. J. p. 198, n. 12.
Crops, 17 C. J. p. 383, n. 48.
Execution, 23 C. J. p. 330, n. 64.

levied on while Bowman was taking it to market with Cavin's wagon. The crop had not been divided, and Bowman owed Cavin $50 for supplies.

1. Since the certiorari proceedings appear to have been in proper and legal form, the superior court should not have "dismissed" the certiorari.

(a) But since it appears that the intent of the court was to "overrule" the certiorari, we deem it proper to decide the case on its merits.

2. The case is controlled by the laws of Georgia; and, under sections 3705 and 3707 of the Civil Code (1910), the title to the property levied on was in Cavin, the landlord, and not in Bowman, the cropper. It follows that the judgment of the superior court was error.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*